1

2

3

4

5          UNITED STATES DISTRICT COURT

6          EASTERN DISTRICT OF WASHINGTON

7   THOMAS W.S. RICHEY,

8                              Plaintiff,          NO:  16-CV-5047-RMP

9           v.                                     ORDER ADOPTING R&R AND
                                                   GRANTING PLAINTIFF'S PARTIAL
                                                   SUMMARY JUDGMENT MOTION
10  J. AIYEKU,                                     AND DENYING DEFENDANT'S
                                                   SUMMARY JUDGMENT MOTION
11                             Defendant.

12

13          BEFORE THE COURT is Magistrate Judge John Rodgers' January 27,

14   2017, Report and Recommendation ("R&R"), **ECF No. 54**, to grant Plaintiff's

15   Motion for Partial Summary Judgment, **ECF No. 41**, deny Defendant's Motion

16   for Summary Judgment, **ECF No. 42**, and determine the amount of damages.

17   Plaintiff is proceeding *pro se*.  Defendant is represented by Washington State

18   Assistant Attorneys General Candie M. Dibble and Haley Christine Beach.

19          The Court has reviewed the R&R, ECF No. 54; Defendant's objection, ECF

20   No. 56; the parties' submissions regarding the cross-motions for summary

21

1  judgment, ECF Nos. 41, 42, 43, 44, 45, 47, 50, 51, and 53; the remaining record;

2  the relevant legal authority and is fully informed.  The Court notes that Plaintiff did

3  not respond to Defendant's objection or offer any objection of his own.

**Background**

5       This case concerns Plaintiff's experience with the Washington Offender

6  Grievance Program (OGP) during his time as an inmate in the Washington State

7  Penitentiary (WSP) in Walla Walla, Washington.  Defendant Joni Aiyeku is

8  Grievance Coordinator at WSP; her role includes processing inmate grievances

9  according to the OGP Manual and Washington Department of Corrections Policy

10  550.100.  ECF No. 43 at 2, 8.  Inmates are expected to state their grievance as a

11  "simple, straight-forward statement of concern," ECF No. 43 at 5, and are

12  instructed to rewrite grievances that suffer any of a variety of issues, such as

13  containing derogatory or abusive language toward staff.

14       Plaintiff submitted 25 grievances between November 2015 and March 2016

15  that are at issue for purposes of his complaint before this Court.  Many, but not all,

16  of Plaintiff's grievances contained insulting and derogatory language describing

17  the correctional staff about whose behavior Plaintiff was complaining.  With

18  respect to each grievance, Defendant instructed Plaintiff to rewrite the grievance to

19  remove the offensive language.  Plaintiff declined to remove the language each

20  time, and Defendant administratively withdrew all of Plaintiff's resubmitted

21

ORDER ADOPTING R&R AND GRANTING PLAINTIFF'S PARTIAL SUMMARY
JUDGMENT MOTION AND DENYING DEFENDANT'S SUMMARY
JUDGMENT MOTION ~ 2

grievances.  Plaintiff sued Defendant Aiyeku in her personal capacity under 28 U.S.C. § 1983, for violating his First Amendment right to petition the government for redress of grievances and to be free from retaliation for doing so.

### Analysis

Defendant objects to the R&R on the basis that the Magistrate Judge incorrectly applies the Ninth Circuit's holding in *Bradley v. Hall*, 64 F.3d 1276, 1281-82 (9th Cir. 1995), a case that Defendant argues should be distinguished on its facts.  In *Bradley*, the Ninth Circuit found that a prison had unconstitutionally chilled a prisoner's right of petition when it disciplined a prisoner for statements in his grievance that the prison determined violated state prison "disrespect" rules.  64 F.3d at 1278.  Defendant contends that the Ninth Circuit in *Bradley* was concerned with an "absolute prohibition on disrespectful language" in grievances and the possibility of punishment for traversing a "hazy line between the 'unabashed airing of a grievance' and 'hostile [. . . or] abusive' language."  ECF No. 56 at 8-9 (quoting *Bradley*, 64 F.3d at 1281).

Defendant's attempt to portray *Bradley*'s holding as inapplicable when a prison has not infracted an inmate for using abusive language is unconvincing.  Defendant refers the Court to an unpublished decision, *Clark v. Woodford*, 36 Fed. Appx. 240, 2002 WL 460373 (9th Cir. 2002), in which the Ninth Circuit concluded that requiring the removal of unessential profanity and offensive language before

1    processing a grievance was not a "punishment" that constituted an "exaggerated

2    response to prison concerns," as the infraction had been in *Bradley*.  36 Fed. Appx.

3    at 241.

4           The unpublished *Clark* decision makes only bare references to the

5    underlying facts, and the decision revolves around an issue not before the Court in

6    the present case: whether the *Clark* plaintiff failed to exhaust the administrative

7    remedies available to him.  *See* 36 Fed. Appx. at 241.  Moreover, the Ninth Circuit

8    published a decision seven years after *Clark* that undermined the materiality of any

9    distinction drawn by *Clark* between infracting an inmate for offensive language in

10   a grievance and censoring or attempting to censor an inmate's language in a

11   grievance.

12          In *Broadheim v. Cry*, 584 F.3d 1262, 1271 (9th Cir. 2009), the Ninth Circuit

13   stressed that "disrespectful language is itself protected activity under the First

14   Amendment," and concluded that even warning a prisoner in a manner that

15   objectively would create apprehension of punishment or adverse regulatory action

16   could constitute adverse action for a prisoner's retaliation claim.  Here, Defendant

17   administratively terminated all 25 of Plaintiff's grievances, some of which did not

18   even contain derogatory language.

19          Defendant further contends that the Magistrate Judge misinterprets the Ninth

20   Circuit's unpublished decision in Plaintiff's case out of the Western District of

21   ORDER ADOPTING R&R AND GRANTING PLAINTIFF'S PARTIAL SUMMARY
     JUDGMENT MOTION AND DENYING DEFENDANT'S SUMMARY
     JUDGMENT MOTION ~ 4

1    Washington, *Richey v. Dahne*, 624 F. App'x 525, 526 (9th Cir. 2015), in which the

2    circuit court determined that Richey had pleaded sufficient facts stating a colorable

3    claim to survive a motion to dismiss.  The Court finds that the Ninth Circuit's

4    unpublished decision is persuasively on point, despite the fact that it was reviewing

5    a decision on a motion to dismiss rather than a motion for summary judgment.

6    Namely, the decision concerned the same plaintiff suing a staff member at a

7    different detention facility for administratively terminating a grievance that

8    plaintiff had filed, and, under those circumstances, the Ninth Circuit explicitly

9    rejected Defendant's argument that directing Richey to rewrite his grievance fell

10   short of the "punishment" prohibited by *Bradley.*  624 Fed. Appx. at 525.

11        In the remainder of Defendant's objection to the R&R, Defendant reiterates

12   its arguments that "Aiyeku should prevail as a matter of law because asking Richey

13   to remove derogatory, name calling from his grievances does not amount to

14   punishment and maintains the integrity of the grievance program by focusing on

15   the actual merits of an inmate's complaint."  ECF No. 56 at 2.  Defendant also

16   repeated her arguments regarding qualified immunity.  ECF No. 56 at 20-22.

17        Defendant's arguments are sufficiently addressed in the R&R.  Therefore,

18   the Court declines to reanalyze them here except to add that the Court concludes

19   that Defendant's argument that requiring inmates to rewrite grievances is not

20   punishment amounts to a distinction without a difference with respect to whether

21

ORDER ADOPTING R&R AND GRANTING PLAINTIFF'S PARTIAL SUMMARY
JUDGMENT MOTION AND DENYING DEFENDANT'S SUMMARY
JUDGMENT MOTION ~ 5

the action unreasonably infringes upon the inmate's First Amendment rights.  The record reflects that Defendant took adverse action against Plaintiff based on the content of his grievances, which conflicts with the clearly established law embodied in the holdings of *Bradley*, 64 F.3d at 1281, and *Brodheim*, 584 F.3d at 1269-73.

Accordingly, **IT IS HEREBY ORDERED** that the Report and Recommendation, **ECF No. 54**, is **ADOPTED in its entirety**.  The Court will arrange a telephonic conference to set a schedule for resolving the outstanding issue of the appropriate remedy and/or damages.

The District Court Clerk is directed to enter this Order and provide copies to Plaintiff and counsel.

**DATED** March 14, 2017.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge

ORDER ADOPTING R&R AND GRANTING PLAINTIFF'S PARTIAL SUMMARY JUDGMENT MOTION AND DENYING DEFENDANT'S SUMMARY JUDGMENT MOTION ~ 6