Thomas W S Richey #929444
Washington State Reformatory
PO Box 777
Monroe WA 98272

HON. ROSANNA M. PEARSON

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 01, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

THOMAS W S RICHEY,

Plaintiff,

v.

JONI AYEKU, et al

CASE NO: 4:16-cv-5047-RMP

REPLY TO DEFENDANT'S
RESPONSE TO COURT'S
ORDER TO SHOW CAUSE

Plaintiff, Thomas Richey, pro-se, hereby submits this Reply to Defendants Response to this Court's Order to Show Cause. Richey submits this Reply because the Defendant fails to engineer any genuine fact to warrant any further stay in this matter.

## UNCONTROVERTED FACTS

Richey's case in *Richey v. Dahne* has absolutely no

RICHEY--1

relevance nor connection to this case other than the fact the 9th Circuit reaffirmed that prison officials cannot take adverse action against prisoners for using objectionable language in their grievances, and that prison officials who deny prisoners of their right to petition are not entitled to qualified immunity. These are facts the 9th Circuit decided and this is now established law, though it appears the Defendant here remains confused and, perhaps, delusional over accepting established law. Even the US Supreme Court considered the Certiorari petition of Dahne, as well as amicus petitions from six other states, and the 9th Circuit's decision is set in stone.

## EVIDENTIARY HEARING IN *DAHNE*

In *Dahne*, as here, Richey sued because prison officials dismissed Richey's properly filed grievances because he refused to remove disrespectful language from his grievance. This is the factual basis for Richey's lawsuits against Defendants Aiyeku, Walker, and Young (the latter two defendants were added by amended complaint). The defendant in *Dahne* desperately holds onto the notion that he can prevail by turning the great tide decision of the US Supreme Court. *Dahne* has been granted an evidentiary

hearing on the basis that Richey wrote a letter to his wife, claiming no obese Hispanic female guard existed,[1] and that he fabricated the issue raised in his grievance.[2]

Whether Richey fabricated the content of his grievance in Dahne, it has no relevance as it pertains to the genuine issues of fact in Dahne or in this case. The 9th Circuit considered two Factual issues: One, did Richey exercise his freedom of speech in his grievance?; two, did the defendant improperly deny Richey his right to petition on the basis of him exercising his freedom of speech? Those were the issues before the 9th Circuit in Dahne. The 9th Circuit has, after years of litigation reiterated that prison officials cannot take adverse action against a prisoner for exercising his freedom of speech in

---

1. Richey has requested discovery to obtain the photographs and identities of the staff working on the day in question in order to show that the obese Hispanic female guard did in fact exist.

2. Richey knew his mail was being monitored and deliberately made this false claim to his wife in an effort to bait and antagonize prison staff following his victory in the US Supreme Court in Dahne

a grievance, and nothing in a Dahne evidentiary hearing will reverse Dahne nor established law. Moreover, the 9th Circuit clearly held, on the basis of established Law in Bradley v. Hall and Brodheim v. Cry, that Dahne is not entitled to qualified immunity. Neither are defendants in this matter.

It is truly remarkable and stunning that defendants in this case persist in Fighting and delaying resolving an abhorrant traumatizing period in Plaintiff's life where, on 50 occasions, prison staff acted so inhumanely as in the instances where they deposited a human bowel movement on his bedding, or at another time, urinated on his bedding. And the defendants were more concerned about correcting Richey's Language in grievances than they were about correcting the Foul behavior of the animals in uniforms who abused their positions.

Defendants have provided no explanation nor reasonable argument as to how Dahne can affect this case. For that reason, this Court should

not continue any further stay in this case and set an appropriate date for trial for damage award.

Dated this 29th day of July, 2019.

Tom WS Richey