FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 17, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| THOMAS WILLIAM SINCLAIR RICHEY,<br><br>                Plaintiff,<br><br>  v.<br><br>J. AIYEKU; L. YOUNG; and K. WALKER,<br><br>                Defendants. | NO:  4:16-CV-5047-RMP<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |

BEFORE THE COURT is Plaintiff Thomas William Sinclair Richey's Motion for Reconsideration, ECF No. 117, of the Court's Order Granting in Part and Denying in Part Plaintiff's Summary Judgment Motion, ECF No. 115. The Court has reviewed Plaintiff's Motion, ECF No. 117, Defendants' Response, ECF No. 118, the Order at issue, ECF No. 115, the applicable law, and is fully informed.

## BACKGROUND

This Court granted in part Plaintiff's Motion for Summary Judgment and found Defendants liable for nominal damages on Plaintiff's First Amendment right

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION ~ 1

1  to petition claim.  ECF Nos. 115 and 116.  The Court denied in remaining part

2  Plaintiff's Motion and granted summary judgment to Defendants with respect to

3  Plaintiff's First Amendment retaliation claim and claims for punitive and

4  compensatory damages.  ECF No. 115 at 17–18.

5      Plaintiff seeks reconsideration of the Court's finding that Plaintiff is not

6  entitled to punitive damages on his right to petition claim as a matter of law.  ECF

7  No. 117.  Defendants oppose reconsideration.  ECF No. 118.

## LEGAL STANDARD

9      Courts in this circuit disfavor motions for reconsideration and deny them

10 "absent highly unusual circumstances, unless the district court is presented with

11 newly discovered evidence, committed clear error, or if there is an intervening

12 change in controlling law." *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir.

13 1999) (per curiam).  "A motion for reconsideration 'may not be used to raise

14 arguments or present evidence for the first time whey they could reasonably have

15 been raised earlier in the litigation.'" *Marlyn Nutraceuticals, Inc. v. Mucos Pharma*

16 *GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (*quoting Kona Enters., Inc. v.*

17 *Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (emphasis in original)).

## DISCUSSION

19     Plaintiff seeks reconsideration by arguing that the Court should have adhered

20 to its judgment, prior to Defendants' appeal, that Richey was entitled to punitive

21 damages and that the summary judgment record "clearly" demonstrates that Plaintiff

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION ~ 2

1  suffered "actual injury" from Defendants' actions.  ECF No. 117 at 3–4.  On both of

2  these points, Plaintiff seeks to reargue issues that the parties have previously

3  litigated.

4        In the Order that Plaintiff challenges, the Court carefully adhered to the Ninth

5  Circuit Court of Appeals' holding in this case finding that Defendants were entitled

6  to qualified immunity on Plaintiff's retaliation claim.  ECF No. 115 at 16 (citing

7  *Richey v. Aiyeku*, 790 Fed. Appx. 115, 116 (9th Cir. 2020) (unpublished) ("[E]ven

8  resolving all factual disputes and drawing all reasonable inferences in Richey's

9  favor, it would not have been clear to every reasonable official that merely refusing

10  to accept a grievance for processing is a retaliatory adverse action that violates a

11  prisoner's First Amendment rights) (citing *Brodheim v. Cry*, 584 F.3d 1262, 1271–

12  73 (9th Cir. 2009)).  The Ninth Circuit's decision is final on the issue of Defendants'

13  qualified immunity.

14        The Court entered summary judgment for Defendants on Plaintiff's claim for

15  punitive damages because the Ninth Circuit decided that Defendants were entitled to

16  qualified immunity and because Plaintiff presented no evidence that Defendants

17  acted with evil motive or intent or callous indifference, which must be proved to

18  award punitive damages.  ,. *Id.* at 15.  The Court previously found that Plaintiff also

19  had not provided any evidence of an actual injury, after a thorough review of the

20  summary judgment record.  *Id.*

21

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION ~ 3

As Plaintiff merely reargues in his current motion issues previously considered and does not present newly discovered evidence, or show that the Court committed clear error, or demonstrate an intervening change in controlling law, the Court finds that there is no basis for granting the motion to reconsider and denies Plaintiff's motion.  *See Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Co.*, 248 F.3d 892, 899 (9th Cir. 2001) ("Because [the moving parties] simply reargued their case . . . the district court did not abuse its discretion in denying the motion [for reconsideration]."); *see also Milano v. Carter*, 599 F. App'x 767, 768 (9th Cir.), *cert. denied*, 136 S. Ct. 424 (2015) (finding that the district court did not abuse its discretion in denying the plaintiff's motion for reconsideration because the plaintiff "simply rehashed her previously-rejected arguments").

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration, **ECF No. 117**, is **DENIED**.  The file in this matter shall remain closed.

The District Court Clerk is directed to enter this Order and provide copies to Plaintiff and counsel.

**DATED** May 17, 2021.

>     *s/ Rosanna Malouf Peterson*
> ROSANNA MALOUF PETERSON
> United States District Judge

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION ~ 4